PROSKAUER ROSE LLP
Elise M. Bloom
1585 Broadway
New York, New York 10036
T: (212) 969-3000
F: (212) 969-2900
Email: ebloom@proskauer.com
Attorneys for Defendant
The Coca-Cola Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
JOSE LEONARDO ROMERO GARCIA,

        Plaintiff,

vs.

THE COCA-COLA COMPANY,

        Defendant.
------------------------------------------------------------x

Civil Action No. 07-11444 (VM)(JCF)

**NOTICE OF REMOVAL**
(Supreme Court: State of New York
County of New York,
Index No. 07/603953)

**ECF Case**

TO:   THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF NEW YORK

       PLEASE TAKE NOTICE THAT, Defendant The Coca-Cola Company ("Coca-Cola"), by its attorneys Proskauer Rose LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes to the United States District Court for the Southern District of New York, the action captioned Jose Leonardo Romero Garcia v. The Coca-Cola Company, Index No. 07/603953, which is pending in the Supreme Court of the State of New York, County of New York. As grounds for removal, Defendant states as follows:

## PARTIES AND DIVERSITY OF CITIZENSHIP

1. Coca-Cola is and at all relevant times has been, incorporated in the State of Delaware and has its principal place of business in Atlanta, Georgia. As a result, Coca-Cola is a citizen of the States of Delaware and Atlanta pursuant to 28 U.S.C. § 1332(c)(1).

2. Upon information and belief, Plaintiff Jose Leonardo Romero Garcia is a citizen of Guatemala.

3. Accordingly, there exists complete diversity of citizenship between Plaintiff and Defendant pursuant to 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

4. The complaint purports and alleges causes of action for unfair business practices under New York's Business Corporation Law, breach of the express and implied covenant of good faith and fair dealing, and retaliation.

5. Although the Plaintiff does not pray for a specific dollar amount in his complaint, it is apparent on the face of the complaint that the amount of damages prayed for (including compensatory and punitive damages, and attorneys' fees) will exceed $75,000 exclusive of interest and costs.

6. Without conceding that plaintiff is entitled to any damages from Defendant, the amount in controversy in this action thus exceeds $75,000.

7. Thus, this Court has jurisdiction over this matter pursuant to 28 U.S.C §1332.

## NOTICE AND PROCESS

8. Filed herewith are copies of the pleadings served on Defendant constituting the only process, pleadings and orders in this action to date. Copies of the summons (Exhibit A) and complaint (Exhibit B) in the above-captioned action were served on Coca-Cola on November 30, 2007.

9. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within 30 days after receipt by Defendant of a copy of the summons and complaint.

10. Promptly after filing this Notice of Removal, Defendant will give written notice to Plaintiff and will give a copy of this Notice of Removal to the Clerk of the Supreme Court of the State of New York, County of New York.

11. The removal of this action to the Southern District of New York does not waive Defendant's ability to assert any defense in this action. Defendant reserves the right to amend or supplement this Notice of Removal.

12. This Notice is executed pursuant to Federal Rule of Civil Procedure 11.

**WHEREFORE**, Defendant The Coca-Cola Company respectfully requests that this action proceed in the United States District Court for the Southern District of New York as an action properly removed therein.

Dated: December 20, 2007

                          PROSKAUER ROSE LLP

                          By: *[signature]*
                          Elise M. Bloom
                          1585 Broadway
                          New York, New York  10036
                          T:  (212) 969-3000
                          F:  (212) 969-2900
                          Email: ebloom@proskauer.com
                          Attorneys for Defendant
                          The Coca-Cola Company

To:    Kenneth F. McCallion
        McCallion & Associates, LLP
        24 West 40th Street
        New York, New York  10018

8357/99999-502 Current/10470502v1

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JOSE LEONARDO ROMERO GARCIA,

           Plaintiff,

v.

THE COCA-COLA COMPANY,

           Defendants.

---

Index No.: 07/603953

Date Purchased: 11/30/07

# **SUMMONS**

TO THE ABOVE-NAMED DEFENDANT(S):

    You are hereby Summoned to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       November 29, 2007

                                              Yours, etc.,
                                              MCCALLION & ASSOCIATES LLP

                                              BY: _____
                                              Kenneth F. McCallion, Esq.
                                              24 West 40th Street
                                              New York, New York 10018
                                              Phone: (646) 366-0880
                                              Fax: (646) 366-1384
                                              Attorneys for Plaintiff

NEW YORK
COUNTY CLERK'S OFFICE

NOV 30 2007

NOT COMPARED
WITH COPY FILE

**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

JOSE LEONARDO ROMERO GARCIA,

        Plaintiff,

-v-

THE COCA-COLA COMPANY,

        Defendant.

---

Index No. 07/603453

COMPLAINT

Jury Trial Demanded

NEW YORK COUNTY CLERK'S OFFICE
NOV 30 2007
NOT COMPARED WITH COPY FILE

Plaintiff, Jose Leonardo Romero Garcia, by his attorneys, McCallion & Associates LLP, for his Complaint against the defendant The Coca-Cola Company, alleges as follows:

### The Parties

1. Plaintiff, Jose Leonardo Romero Garcia ("Plaintiff" or "Romero"), from August 1, 1999 through June 30, 2007, was employed by The Coca-Cola Company to work primarily with the bottlers in Latin America, who were handling Cadbury Schweppes brands, which were acquired by Coca-Cola in August 1999.

2. The Coca-Cola Company ("Coca-Cola") is a Delaware corporation that does business internationally, including business within New York State.

### Relevant Facts

3. Plaintiff was hired by defendant Coca-Cola by letter dated June 17, 1999 from Mr. Douglas Ivester, who was then Chairman of the Board and CEO of Coca-Cola. Mr. Ivester noted that Plaintiff would be "joining the Coca-Cola family" and that his business helped make it the success it is today…"

4. Shortly before receiving the letter from Mr. Ivester, plaintiff received another letter from Coca-Cola, which was directed to plaintiff at his Cadbury Schweppes

main office at 5301 Legacy Drive, Plano, Texas. This letter, dated June 9, 1999, was from John Farrell who described himself as "heading the division of the Coca-Cola Company that will handle the Cadbury Schweppes soft drink brands." In this June 9, 1999 letter, Mr. Farrell invited Plaintiff to attend an orientation session during the week of June 21, 1999 "to learn more about the Coca-Cola Company."

5. During a substantial portion of plaintiff's period of employment with Coca-Cola he reported to Coca-Cola's Ft. Lauderdale, Florida offices, which was the main office for Schweppes Beverages Latin America.

6. Because some of the bottling operations that bottled Cadbury Schweppes brands also bottled brands held by Pepsi-Cola, a direct competitor of Coca-Cola, there were some potential and active conflicts of interest within the Coca-Cola organization with regard to the Company's business dealings with bottlers that handled Pepsi-Cola as well as Cadbury-Schweppes products. In order to deal with this conflict of interest problem, Coca-Cola instituted a "Chinese Wall" policy whereby certain Coca-Cola employees such as plaintiff, were assigned to work exclusively with bottlers that had existing bottling agreements with Coca-Cola, but also had similar contracts with Pepsi-Cola.

7. Bottlers that handled both Coca-Cola and Pepsi-Cola products at the same time, were referred to as "Blue" bottlers, as opposed to bottlers that handled both Coca-Cola and Cadbury Schweppes products, (but not Pepsi products), which were referred to internally within the Coca-Cola organization as "Red" bottlers.

8. In order to avoid conflicts of interest, plaintiff was at first given absolute operational independence to work with the "Blue" bottlers, so that the "Chinese wall"

could be maintained and Coca-Cola's conflict of interest between its dealing with "Blue" and "Red" bottlers could be minimized.

9. However, defendant Coca-Cola concocted a scheme to terminate entire contracts with "Blue" bottlers while, at the same time, avoiding paying termination penalties that would be due to the terminated "Blue" bottlers under various contracts.

10. Coca-Cola implemented its anti-competitive and unlawful scheme to terminate "Blue" bottlers without compensation by, among other things, increasing prices for Coca-Cola concentrate sold to these bottlers, and otherwise attempting to force the bottlers to terminate the contract themselves by sending menacing and threatening letters to the bottlers in a systematic and organized way.

11. Plaintiff objected to and opposed Coca-Cola's unlawful and systematic policy of harassment against "Blue" bottlers, although he was explicitly told by Jose Luis Carmona, Coca-Cola's Vice President for the Strategic Business Unit in Latin America that Coca-Cola "intended to terminate these bottlers with or without you."

12. Mr. Carmona also threatened to terminate plaintiff, despite his excellent performance levels, by stating that if plaintiff refused to assist and participate in the plan to unlawfully terminate the bottlers, then "maybe you [Mr. Romero] are not the right person for the job."

13. Thereafter, Plaintiff was directed by Coca-Cola managers to give periodic presentations as to the "progress" of the scheme to terminate the "Blue" bottlers, and was further told to stop putting anything into writing about the unlawful scheme.

14. In addition, plaintiff was periodically asked by Mr. Carmona to recalculate the termination costs under the various contracts with the "Blue" bottlers to terminate the

3

contracts themselves in response to the economic pressure and threatening tactics exerted against them by Coca-Cola.

15. Finally, when plaintiff made it clear that he objected to and opposed Coca-Cola's unlawful scheme and avoid payment of termination fees, plaintiff was himself terminated on June 30, 2007, abruptly ending fifteen (15) years of outstanding service to the company and causing him significant damages.

### AS AND FOR A FIRST CAUSE OF ACTION
#### (Unfair Business Practices Under BCL 349)

16. Plaintiff restates and reiterates the foregoing allegations of the complaint as if fully set forth herein.

17. By attempting to force plaintiff into participating in an anti-competitive and unlawful conspiracy in restraint of trade, defendant Coca-Cola engaged in an unlawful business practice as defined by New York's Business Corporation Law §349(b).

18. As a result of said unlawful business practice and resulting termination of employment, plaintiff was damaged in an amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION
#### (Breach of Expressed and Implied Covenant of Good Faith and Fair Dealing)

19. Plaintiff restates and reiterates the foregoing allegations of the complaint as if fully set forth herein.

20. Defendant Coca-Cola violated the implied covenant of good faith and fair dealing with regard to the agreement that Coca-Cola had with plaintiff whereby Coca-Cola represented that plaintiff would be permitted to deal with "Blue" bottlers without interference from Coca-Cola managers dealing with "Red" bottles, in order to

minimize or eliminate the conflict of interest that Coca-Cola had in dealing with "Blue" bottlers.

21. Specifically Coca-Cola management breached its express and implied representation to plaintiff that he would have "operational independence" to deal with "Blue" distributors without interference or adverse consequences to his employment status or career.

22. As a result of said breach of this express and implied covenant of good faith and fair dealing, and as a result of his subsequent termination as a result of said breach, plaintiff was damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Retaliation)

23. Plaintiff restates and reiterates the foregoing allegations of the complaint as if fully set forth herein.

24. Coca-Cola's termination of plaintiff for his objection to participating in the unlawful scheme to terminate "Blue" bottlers without compensation constituted unlawful retaliation.

25. As a result of Coca-Cola's retaliation and plaintiff's termination, plaintiff has been damaged in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

26. Plaintiff demands a trial by jury on all claims and issues so triable.

WHEREFORE, plaintiff demands judgment as follows:

    (a.) On Plaintiff's First Cause of Action against Coca-Cola for Unfair Business Practices, compensatory damages in an amount to be determined at trial;

(b.) On Plaintiff's Second Cause of Action for Breach of the Express and Implied Covenant of Good Faith Dealing, compensatory damages in an amount to be determined at trial;

(c.) On Plaintiff's Third Cause of Action for Retaliation, compensatory and punitive damages in an amount to be determined at trial;

(d.) On all counts, costs and expenses, including reasonable attorney's fees; and

(e.) For such other and further relief as his Court deems just and proper.

Dated: New York, New York
      November 29, 2007

                          McCALLION & ASSOCIATES LLP

By: _____
Kenneth F. McCallion
24 West 40th Street
New York, NY 10018
Telephone: 646-366-0880

Attorneys for Plaintiff

## McCallion & Associates LLP

Index No:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOSE LEONARDO ROMERO GARCIA v. THE COCA-COLA COMPANY.

COMPLAINT

MCCALLION & ASSOCIATES LLP
ATTORNEYS FOR PLAINTIFF
24 WEST 40 STREET 17 FL.
NEW YORK, NEW YORK 10018
TEL: 646-366-0880
FAX: 646-366-1384