PROSKAUER ROSE LLP
Elise M. Bloom
Email: ebloom@proskauer.com
Nathaniel M. Glasser
Email: nglasser@proskauer.com
1585 Broadway
New York, New York  10036
T:  (212) 969-3000
F:  (212) 969-2900
Attorneys for Defendant
The Coca-Cola Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                               :

JOSE LEONARDO ROMERO GARCIA,     :

           Plaintiff,     :     Civil Action No. 07-11444(VM)(JCF)

           vs.     :

THE COCA-COLA COMPANY,     :     **DEFENDANT THE COCA-COLA COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

           Defendant.     :

                               :     **ECF Case**
                               :
---------------------------------------------------------x

Defendant, The Coca-Cola Company (hereinafter "Defendant"), by and through its undersigned counsel, Proskauer Rose LLP, for its Answer to the Complaint in the above-captioned action, hereby states as follows:

### AS TO THE PARTIES

1.     Defendant denies each and every allegation set forth in paragraph 1 of the Complaint.

2.     Defendant admits the allegations in Paragraph 2 of the Complaint.

## AS TO THE RELEVANT FACTS

3.      Defendant denies each and every allegation set forth in Paragraph 3 of the Complaint except avers that the letter speaks for itself.

4.      Defendant denies each and every allegation set forth in Paragraph 4 of the Complaint except avers that the letter speaks for itself.

5.      Defendant denies each and every allegation set forth in Paragraph 5 of the Complaint.

6.      In response to the allegations contained in Paragraph 6 of the Complaint, Defendant admits that a Chinese wall was established to insure confidentiality.  Except as otherwise admitted or stated herein, Defendant denies each and every allegation in Paragraph 6 of the Complaint.

7.      In response to the allegations set forth in Paragraph 7 of the Complaint, Defendant admits that bottlers that handled both Coca-Cola and Pepsi-Cola products at the same time where referred to as "Blue" bottlers as opposed to bottlers that handled both Coca-Cola and Cadbury Schweppes products (but not Pepsi products), which were referred to as "Red" bottlers.  Except as otherwise admitted or stated herein, Defendant denies each and every allegation in paragraph 7 of the Complaint.

8.      Defendant denies each and every allegation set forth in Paragraph 8 of the Complaint.

9.      Defendant denies each and every allegation set forth in Paragraph 9 of the Complaint.

10.     Defendant denies each and every allegation set forth in Paragraph 10 of the Complaint.

11.     Defendant denies each and every allegation set forth in Paragraph 11 of the Complaint.

12.     Defendant denies each and every allegation set forth in Paragraph 12 of the Complaint.

13.     Defendant denies each and every allegation set forth in Paragraph 13 of the Compliant.

14.     Defendant denies each and every allegation set forth in Paragraph 14 of the Complaint.

15.     Defendant denies each and every allegation set forth in Paragraph 15 of the Complaint.

### AS TO PLAINTIFF'S FIRST CAUSE OF ACTION
### (Unfair Business Practices Under BCL 349)

16.     Defendant repeats and realleges its answers and responses to Paragraphs 1 through 15, inclusive, of the Complaint as though fully set forth herein.

17.     Defendant denies each and every allegation set forth in Paragraph 17 of the Complaint.

3

18.    Defendant denies each and every allegation set forth in Paragraph 18 of the Complaint.

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION
### (Breach of Expressed and Implied Covenant of Good Faith and Fair Dealing)

19.    Defendant repeats and realleges its answers and responses to Paragraphs 1 through 18, inclusive, of the Complaint as though fully set forth herein.

20.    Defendant denies each and every allegation set forth in Paragraph 20 of the Complaint.

21.    Defendant denies each and every allegation set forth in Paragraph 21 of the Complaint.

22.    Defendant denies each and every allegation set forth in Paragraph 22 of the Complaint.

## AS TO PLAINTIFF'S THIRD CAUSE OF ACTION
### (Retaliation)

23.    Defendant repeats and realleges its answers and responses to Paragraphs 1 through 22, inclusive, of the Complaint as though fully set forth herein.

24.    Defendant denies each and every allegation set forth in Paragraph 24 of the Complaint.

25.    Defendant denies each and every allegation set forth in Paragraph 25 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26.     The Complaint fails to state a claim upon which relief can be granted or for which the damages sought can be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

27.     Plaintiff's claims are barred by applicable statutes of limitation.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

28.     Plaintiff's claims are barred by the doctrines of an accord and satisfaction, payment, waiver, res judicata and collateral estoppel, settlement and release.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

29.     At all times, Defendant has acted in good faith and has not violated any rights which may be secured to Plaintiff under federal, state or local laws, rules, regulations or guidelines.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

30.     All of Defendant's actions were taken for a legitimate, non-retaliatory business reasons and would have been taken regardless of any complaints to management or otherwise.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

31.     This Court lacks subject matter jurisdiction over the claims herein.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

32.     Plaintiff was an employee at-will and as such, his employment could be terminated at any time, for any reason.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

33.     Venue is improper in this Court.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

34.     Defendant reserves the right to raise additional defenses as may be discovered during these proceedings.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

35.     Plaintiff's lawsuit is frivolous, unreasonable and without foundation, thereby entitling Defendant to an award of attorneys fees.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

36.     Defendant denies each and every allegation in the Complaint which is not admitted, denied, or otherwise specifically addressed herein.

WHEREFORE, Defendant prays:

a)       the Complaint be dismissed with prejudice with costs assessed against Plaintiff;

b)       Defendant be awarded its reasonable attorneys' fees for having to defend this

action; and

c)       Defendant be awarded such other and general relief as may be appropriate in this

matter.

Dated: December 27, 2007

PROSKAUER ROSE LLP


By:       /s/ Nathaniel M. Glasser_____
Elise M. Bloom
Email: ebloom@proskauer.com
Nathaniel M. Glasser
Email: nglasser@proskauer.com
\1585 Broadway
New York, New York  10036
T:  (212) 969-3000
F:  (212) 969-2900

Attorneys for Defendant
The Coca-Cola Company