**McCallion & Associates LLP**
24 West 40th Street, New York, New York 10018
Phone: 646-366-0880 Fax: 646-366-1384
www.mccallionlaw.com

Kenneth F. McCallion
Kfm@mccallionlaw.com

January 21, 2008

Hon. Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 660
New York, New York 10007

Re: Jose Romero Garcia v Coca-Cola
Index No. 07 CV 11444 (VM)

Dear Judge Marrero:

We represent the Plaintiff Jose Leonard Romero Garcia in the above referenced matter. We are submitting this letter in response to your Order filed January 8, 2008 concerning the issue of whether, pursuant to 28 U.S.C. 1404, the case should be transferred to either the District of Florida or Georgia.

Plaintiff respectfully urges the Court to retain jurisdiction in this District and not transfer the case to another district since, if the case were transferred, the plaintiff would have to assume the hardship and additional cost of retaining additional or substitute counsel. Plaintiff's current counsel has offices only in New York, and does not have any attorneys affiliated with it that are admitted to the practice of law in either Georgia or the Southern District of Florida. By its language, 28 U.S.C. 1404 (a) permits the transfer of a civil action "[f]or the convenience of parties and witnesses [or] in the interest of justice…." In this case, a transfer would be decidedly inconvenient for plaintiff since he has already expended money and resources in retaining New York counsel, which has necessarily conducted sufficient investigation and research regarding the matter prior to the filing of the complaint. It would, therefore, be a costly and laborious process to retain new counsel in either Atlanta or Ft. Lauderdale.

However, in the event that the Court decides to transfer venue to another district, Plaintiff respectfully requests that the transfer be made to the United States District Court for the Southern District of Florida. As this Court correctly pointed out in its recent Order, significant events providing the basis for the Complaint occurred in Ft. Lauderdale, Florida, and although transfer to the Southern District of Florida would create a hardship for plaintiff, a transfer of the case to the Southern District of Florida would create less of a hardship than a transfer of the case to Atlanta. Although plaintiff's

counsel does not have an office in Florida, it does have some familiarity with lawyers and law firms in the Ft. Lauderdale area with whom it might be able to affiliate for purposes of representing plaintiff in this matter. By contrast, plaintiff's counsel has had no prior knowledge or experience with Atlanta law firms, and would not be in a position, at the current time, to either affiliate with Georgia counsel or recommend Georgia counsel to the plaintiff for purposes of substitution of counsel.

Moreover, the factual basis of plaintiff's complaint is much stronger with regard to Ft. Lauderdale than with Atlanta. Although plaintiff received a letter from Coca-Cola's headquarters in Atlanta at or about the time that he was hired, upon information and belief, he did not report directly to Coca-Cola's headquarters; rather, he reported to Coca-Cola's offices in Ft. Lauderdale, Florida following Coca-Cola's acquisition of Cadbury Schweppes' Latin American operations.

In addition, transfer to Atlanta, Georgia would not be appropriate, in plaintiff's view, since Atlanta is where the defendant corporation is headquartered, and, upon information and belief, thousands of Coca-Cola employees and their families reside within that District. In all likelihood, therefore, it would be extremely difficult to find an unbiased jury panel for the trial of the case if it were transferred to Atlanta.

In summary, plaintiff respectfully requests that the Court retain jurisdiction in this District since transfer would create a severe inconvenience to plaintiff, with only minimal inconvenience to defendant. In the alternative, if the Court transfers this case to another district, it is requested that such a transfer be made to the Southern District of Florida, where the inconvenience and added expense would be significantly less than if the case were transferred to Georgia.

        Respectfully submitted,

        /s/
        Kenneth F. McCallion


cc: Alychia Lynn Buchan, Esq. (via fax)