USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/08

COPY

**PROSKAUER ROSE LLP**

*MEMO ENDORSED*

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

**Elise M. Bloom**
Member of the Firm

Direct Dial 212.969.3410
ebloom@proskauer.com

January 25, 2008



RECEIVED
JAN 28 2008
CHAMBERS OF
JUDGE MARRERO

**By ECF and Overnight Mail**

The Honorable Victor Marrero, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 660
New York, New York 10007

    Re:   Garcia v. The Coca-Cola Company
           Civil Action No. 07-11444(VM)

Dear Judge Marrero:

This letter is submitted on behalf of defendant The Coca-Cola Company ("Coca-Cola") in the above-referenced matter. We submit this letter in response to Your Honor's Order dated January 4, 2008 seeking the parties' position regarding the transfer of this matter to another venue. In his complaint, plaintiff Jose Leonard Romero Garcia ("Garcia"), a Guatemalan citizen, alleges that his former employer, a Guatemalan business entity, violated the terms of an employment agreement created under Guatemalan law. Despite any meaningful connection between the United States and these claims, Garcia filed suit in the State of New York. As explained below, Garcia's forum choice was motivated solely by improper forum-shopping considerations. Indeed, he has a similar action pending in Guatemala. The most convenient forum is clearly Guatemala and, accordingly, the Court should dismiss this action under the doctrine of *forum non conveniens* instead of transferring it to another United States District Court pursuant to 28 U.S.C. § 1404(a).

**Background:** Garcia, a Guatemalan citizen, is a former employee of Compania Servicios del Distrito Norte ("CSDN"), a Guatemalan subsidiary of Coca-Cola. (See Exhibit A.) Garcia held the position of Assistant Director, Central America from August 1999 until his dismissal in June 2007. As Assistant Director, Garcia was responsible for servicing Coca-Cola bottler agreements in Central America, including Guatemala, and reported directly to CSDN personnel located in Mexico, not Florida. In June 2007, Garcia was provided fifteen (15) days notice of his discharge due to poor performance and issued full termination indemnity (i.e., severance) in accordance with Guatemalan law. Garcia rejected CSDN's severance offer and payment was deposited with

**PROSKAUER ROSE LLP**

The Honorable Victor Marrero, U.S.D.J.
January 25, 2008
Page 2

the Guatemalan Treasury Agency. On August 17, 2007, Garcia accepted and withdrew these moneys.

On November 30, 2007, Garcia filed the instant litigation in the Supreme Court of the State of New York against Coca-Cola, a Delaware corporation with its principle place of business in Atlanta, Georgia, seeking damages arising from the termination of his employment with CSDN. Shortly thereafter, on December 17, 2007, Garcia also filed a claim with the Guatemalan labor court against Coca-Cola and CSDN also seeking damages allegedly arising from his termination of employment. (See Exhibit B.)[1] Because it is undisputed that the most convenient forum for this litigation is Guatemala and not this District or the Districts of Florida or Georgia, Garcia's complaint should be dismissed on *forum non conveniens* grounds.

**Plaintiff's Complaint Should Be Dismissed:** Both the doctrine of *forum non conveniens* and Section 1404(a), permit a court, in its discretion, to "resist imposition upon its jurisdiction," even though jurisdiction may be lawfully exercised and venue technically proper, where the convenience of the parties and the interests of justice favor dismissal. See 28 U.S.C. § 1404(a); Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1947) (doctrine of *forum non conveniens*); Murry v. British Broadcasting Corp., 81 F.3d 287, 290 (2d Cir. 1996) (same). When the most convenient forum is another federal district court the lawsuit may be transferred under Section 1404(a), and when the most convenient forum is a foreign country, as is the case here, the court may dismiss the lawsuit on *forum non conveniens* grounds. See American Dredging Co. v. Miller, 510 U.S. 443, 449 n. 2 (1994) (holding that as consequence of Section 1404(a), doctrine of *forum non conveniens* has continuing application only in cases in which alternative forum is abroad).

In analyzing a dismissal on *forum non conveniens* grounds, a court must determine the degree of deference to give the plaintiff's choice of forum, decide whether an adequate alternative forum exists, and balance the private-interest factors relating to the convenience of the litigants and pubic-interest factors relating to the convenience of the forum and the ends of justice. See Gilbert, 330 U.S. at 506-509; Iragorrie v. United Technologies Corp., 274 F.3d 65, 73 (2d Cir. 2001) (*en banc*). Similar considerations are used in Section 1404(a) determinations.

Each of these considerations weighs in favor of dismissing Garcia's complaint. Garcia's choice of forum must be afforded minimal deference because he is a Guatemalan citizen and his lawsuit lacks a bona fide connection the United States and to the forum choice. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 256 (1981) ("Because the central purpose of any forum *non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference"). Moreover, Garcia has already commenced an action in Guatemala against Coca-Cola and CSDN seeking damages allegedly arising from his termination. In that case, the

---

[1] Attached as Exhibit B is a true and accurate copy of the court documents Garcia filed with the Guatemalan labor court, which are in Spanish. Coca-Cola is in the process of getting an official translation of these pleadings and will provide a copy of this translation to this Court as soon as possible.

PROSKAUER ROSE LLP

The Honorable Victor Marrero, U.S.D.J.
January 25, 2008
Page 3

first hearing for the trial is already scheduled for May 5, 2008, and a temporary injunction was issued, making Guatemala, not a federal district court, the adequate alternative forum for adjudication of Garcia's claims.

Further, the majority of events discussed in the Complaint, including the formation of Garcia's employment contract, the alleged unlawful conduct of Coca-Cola and services allegedly provided by Garcia, took place in Guatemala and other parts of Central America. Moreover, the parties and all of the key witnesses reside in Guatemala or neighboring countries and all the potentially relevant information was communicated in Spanish, has a nexus with Guatemala and in no way touches New York or the United States. Because this Court (and any other federal district court) has virtually no interest in resolving this foreign dispute, the Court should dismiss the Complaint on *forum non conveniens* grounds.

In his response, Garcia alleges only one reason for this Court to retain jurisdiction over his claims – that he has already retained counsel in New York and to retain new counsel would be a substantial inconvenience to him. The convenience of Garcia's attorney, without more, is inconsequential to determining whether this Court should transfer or dismiss this litigation. Kolko v. Holiday Inns, Inc., 672 F. Supp. 713, 715 (S.D.N.Y. 1987) ("The convenience of plaintiff's attorney, without more, is not decisive in determining whether to grant or deny a transfer motion."). Moreover, in assessing the convenience of the parties, "the court is required to consider the convenience of *all* parties, and ... the court acts for the benefit of *all*, not on behalf of the [plaintiff]." Burlington Inds., Inc. v. Salem Intern. Co., 645 F. Supp. 872 (S.D.N.Y. 1986) (emphasis added). Indeed, Garcia himself has tacitly acknowledged that Guatemala is the more convenient forum by filing suit there. As noted, Garcia already has a pending action in Guatemala against Coca-Cola seeking similar damages, and it would be an injustice for this Court to require Coca-Cola to fight the same or similar lawsuits on two fronts. Furthermore, contrary to Garcia's allegations, his claims have no connection with the State of Florida as he did not report to Coca-Cola's Florida offices during his employment with CSDN. Dismissal of Garcia's litigation at this time strikes the appropriate balance of conveniences.

In the event, this litigation is transferred instead of dismissed, the Court should transfer it to the Northern District of Georgia because that is the only district with some type of connection to Garcia's lawsuit. Specifically, Coca-Cola is headquartered in Atlanta, and to the extent any documentation in the United States exists, it would be in Atlanta.

Respectfully submitted,

/s/ Elise M. Bloom

Elise M. Bloom

cc: Kenneth McCallion, Esq. (ECF and Overnight Mail)

> This letter was received in Chambers after the Court had issued and docketed an Order directing the transfer of this case to the Southern District of Florida. The ECF system instructs that letters to the Court are not to be filed by ECF, as there is no assurance that they will be received by the Court on the date filed.
>
> SO ORDERED.
>
> DATE 1-28-08   VICTOR MARRERO, U.S.D.J.

8619/20820-002 Current/10600361v2